UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHNNY PARADAY,

        Plaintiff,

v.                                        CASE NO. 3:14-cv-891-J-34MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

        Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative

decision denying his application for period of disability and disability insurance

benefits.  Plaintiff alleges he became disabled on April 20, 2010.[2]  A hearing was

held before the assigned Administrative Law Judge ("ALJ") on August 2, 2012, at

which Plaintiff was represented by an attorney.  (Tr. 30-84.)  The ALJ found

Plaintiff not disabled since April 20, 2010, the alleged onset date, through

September 30, 2011, the date last insured.  (Tr. 13-24.)

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

[2] On April 19, 2010, the Social Security Administration rendered an unfavorable decision on Plaintiff's prior application for disability and disability insurance benefits alleging a disability beginning on January 13, 2006.  (Tr. 85-103.)

Plaintiff is appealing the Commissioner's decision that he was not disabled during the relevant time period.  Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the briefs, and the applicable law.  For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Commissioner's decision be **AFFIRMED**.

## I.    Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote v.*

*Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d

835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to

determine the reasonableness of the Commissioner's factual findings).

## II.    Discussion

Plaintiff argues two general points on appeal.  First, Plaintiff asserts that

the ALJ failed to consider the combination of Plaintiff's impairments in

determining that Plaintiff's impairments failed to meet one of the listed

impairments in 20 CFR Part 404, Subpart P, Appendix 1.  More specifically,

Plaintiff asserts that if the ALJ had properly considered the combination of

impairments, then the ALJ would have found that Plaintiff meets an orthopedic

listing.  Second, Plaintiff argues that the ALJ failed to consider Plaintiff's obesity

in combination with his other impairments when evaluating Plaintiff's residual

functional capacity ("RFC") pursuant to SSR 02-01p: Policy Interpretation Ruling

Titles II and XVI: Evaluation of Obesity.[3]  Plaintiff asserts that the ALJ improperly

determined that Plaintiff had the RFC to perform light work with restrictions and

the ALJ's opinion is not supported by substantial evidence.

Defendant responds the ALJ properly considered Plaintiff's impairments in

combination in the determination.  Additionally, Defendant asserts that Plaintiff

waived his argument by failing to develop his argument on appeal.  (Doc. 14 at 3-

--------

[3] SSR 02-01p can be found on the Social Security Administration's website at www.socialsecurity.gov/OP_Home/rulings/di/01/SSR2002-01-di-01.html.

6.)  Defendant argues that the ALJ properly considered all of Plaintiff's impairments, including obesity, in making the RFC determination and substantial evidence confirms the ALJ's RFC determination.  (Doc. 14 at7-9.)  The undersigned agrees with Defendant and recommends that the decision be affirmed.

### A.    The ALJ's Decision

The ALJ determined that Plaintiff had severe impairments through the date of last insured, including disorders of the spine and left knee, diabetes mellitus, hypertension, and obesity.  (Tr. 15.)  The ALJ then determined at Step Three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  (Tr. 18.)

At Step Four, the ALJ found Plaintiff had the RFC to perform light work, but limited to "no more than occasional climbing of ramps/stairs, balancing, stooping, kneeling, crouching, crawling; no climbing of ladders, ropes and scaffolds; and no concentrated exposure to vibration or hazards (machinery, heights, etc.)."  (Tr. 18.)  In making this finding, the ALJ explicitly considered "Social Security Ruling 02-01p, which discusses the affect of obesity alone, or in combination with any other impairment, on an individual's ability to perform basic work activities."  (Tr. 20.)  The ALJ determined that the medical evidence of record does not indicate that Plaintiff would be unable to sustain work activity within the RFC.  (*Id.*)  The ALJ noted the mild to moderate abnormalities with respect to objective testing,

the lack of significant functional limitations upon physical examinations, the routine and conservative nature of Plaintiff's treatment, the stability of pain when taking oral medications, and Plaintiff's normal sleep patterns. (Tr. 19-20.) The ALJ also noted that Plaintiff's complaints regarding his inability to work were contradicted by Plaintiff's testimony. (Tr. 20-21.) Finally, the ALJ gave great weight to the opinions of Robert Steele, M.D., a state agency consultant who performed a RFC assessment of Plaintiff and Plaintiff's own treating physician, Dr. Hoang Vu, D.O., who opined that Plaintiff is "to avoid any heavy lifting." (Tr. 21-22.)

## B.   No Reversible Error Occurred at Step Three

The ALJ determined that Plaintiff had severe impairments, including disorders of the spine and left knee, diabetes mellitus, hypertension, and obesity. At Step Three in the evaluation, the ALJ determined that Plaintiff "did not have an impairment or *combination of impairments* that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526." (Tr. 18.) (emphasis added.) This determination by the ALJ indicates that the ALJ properly considered all of Plaintiff's impairments in combination in concluding that Plaintiff did not meet a listing. *See Hutchinson v. Astrue*, 408 F. App'x 324, 327 (11th Cir. 2011) ("The ALJ specifically stated that Hutchinson did not have an 'impairment, individually or in combination' that met one of the listed impairments in evaluating

5

step three of the process.  That statement shows that the ALJ considered the combined effects of Hutchinson's impairments during her evaluation") (citations omitted); *Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002) (stating that the ALJ's determination constitutes evidence that he considered the combined effects of Plaintiff's impairments and rejecting the district court's statement that the ALJ failed to consider his combination of impairments met a listing).

Plaintiff argues in his brief that his combination of impairments "should have been seen by [the ALJ] as being the medical equivalence of an orthopedic listing."  (Doc. 13 at 8.)  However, Plaintiff failed to indicate in his brief which "orthopedic listing" he believes the ALJ should have determined that Plaintiff's combination of impairments meet.  Plaintiff cites Section 1.00Q as the only reference to 20 C.F.R. pt. 404, subpt. P, App. 1 supporting his argument. However, Section 1.00Q merely discusses how obesity often impacts the musculoskeletal system.  Plaintiff failed to indicate which "orthopedic listing" Plaintiff meets or what particular musculoskeletal system listing supports his argument.  Without further elaboration or support for Plaintiff's claim that he met an "orthopedic listing," the Court cannot find reversible error with respect to this issue on appeal, especially in light of the fact that Plaintiff bears the burden of proving his impairments meet a listing.  *See, e.g., Outlaw v. Barnhart*, 197 F. App'x 825, 828 n. 3 (11th Cir. 2006) (holding that claimant waived issue because

6

he did not elaborate on the claim or provide citation to authority about his claim);

*N.L.R.B. v. McCalin of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998)

("Issues raised in a perfunctory manner, without supporting arguments and

citation to authorities, are generally deemed to be waived"); *see also Doughty v.*

*Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (explaining that claimant bears the

burden of proving that he meets one of the listed impairments at Step Three).

### C.   The ALJ Properly Considered All Impairments at Step Four

Plaintiff argues that the ALJ failed to consider his obesity in combination

with his other impairments in assessing Plaintiff's RFC.  Plaintiff asserts that the

ALJ failed to account for Social Security Ruling 02-01p in making the RFC

determination at Step Four.  Contrary to Plaintiff's assertion, however, the ALJ

determined the following with respect to Plaintiff's obesity:

> The medical evidence of record establishes that [Plaintiff] is
> obese with a body mass index greater than 30.  I have
> considered Social Security Ruling 02-01p, which discusses the
> affect of obesity alone, or in combination with any other
> impairment, on an individual's ability to perform basic work
> activities.  The physical restrictions associated with [Plaintiff's]
> obesity have been considered while evaluating the restrictions
> associated with other severe impairments.  After careful
> consideration, I find that the medical evidence of record does
> not otherwise indicate that [Plaintiff] would be unable to
> sustain work activity within the [RFC] identified in this decision.

(Tr. 20.)  In making this determination, the ALJ referenced the medical evidence

of record in assessing Plaintiff's physical and mental ability to sustain work

activity.  The ALJ noted and the medical records support that Plaintiff's diabetes

and hypertension are adequately controlled with medical treatment.  (Tr. 385-393, 450, 519, 521, 523, 525, 529, 530-37.)

Further, objective testing of Plaintiff's musculoskeletal system in 2010 revealed only mild abnormalities.  (Tr. 314.)  The ALJ noted that Plaintiff had a functional range of joint motion.  (Tr. 20.)  The ALJ also noted that Plaintiff received routine and conservative treatment in 2010, 2011, and 2012 for his musculoskeletal complaints.  (*Id.*)  Plaintiff's subjective complaints of pain were treated with oral medications.  (*Id.*)  The ALJ found the treatment successful in controlling Plaintiff's symptoms.  (*Id.*)  Substantial medical evidence of record supports these findings.  (Tr. 332, 335, 338, 340, 433, 435-442, 449-57, 518, 538-41, 543-554.)  The ALJ also noted that despite Plaintiff's testimony of sleep disturbance, Plaintiff reported a normal sleep pattern to his treating physicians.[4] (Tr. 332, 439.)

Moreover, the ALJ also considered the credibility of Plaintiff with respect to his inability to perform work activities and found Plaintiff's statements inconsistent with the record evidence.  (Tr. 20-21.)  For example, although Plaintiff reported difficulty with standing and walking, he testified that he walks twice per week on average for exercise.  (Tr. 35-36.)  Additionally, Plaintiff reported that he performs

---

[4] This is further evidence that the ALJ considered SSR 02-01p when rendering his RFC opinion.  SSR 02-01p states that "[t]he effects of obesity may not be obvious.  For example, some people with obesity also have sleep apnea.  This can lead to drowsiness and lack of mental clarity during the day."

activities such as driving, folding laundry, helping with household chores, performing yard work, preparing meals, caring for pets, fishing, watching TV, playing games on TV, and playing online poker.  (Tr. 40-41, 48-52, 69-70, 212-16.)  The ALJ acknowledged Plaintiff's admission that his treating physician, Dr. Atchison, told him he could perform light work and that Plaintiff had applied for jobs, but did not receive any interviews.  (Tr. 43, 47.)

Finally, the ALJ gave great weight to the RFC assessment concluding that Plaintiff was capable of a range of light work activity and Dr. Vu's July 2011 record that advises Plaintiff to avoid any heavy lifting in rendering his RFC opinion.  (Tr. 22.)  The RFC determination is supported by substantial record evidence in light of the objective medical findings, the conservative medical treatment with stable results, and the Plaintiff's routine activities.  (Tr. 35-36, 40-41, 48-52, 69-70, 212-16, 314, 332, 335, 338, 340, 385-393, 433, 435-442, 449-57, 518, 519, 521, 523, 525, 529, 530-37, 538-41, 543-554.)  Accordingly, the ALJ properly considered Plaintiff's RFC at Step Four in the evaluation process.

### III.    Conclusion

The Court does not make independent factual determinations, re-weigh the evidence, or substitute its decision for that of the ALJ.  Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence.  Based

on this standard of review, the undersigned recommends that the ALJ's decision
that Plaintiff was not disabled within the meaning of the Social Security Act for the
time period in question be affirmed.

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The Commissioner's decision be **AFFIRMED**.

2.      The Clerk of Court be directed to enter judgment accordingly and
close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on May 12, 2015.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record